2014 UT App 108

**Azlen Adieu Farquoit MARCHET,**
**Petitioner and Appellant,**

v.

**STATE of Utah, Respondent**
**and Appellee.**

**No. 20120820–CA.**

Court of Appeals of Utah.

May 15, 2014.

Azlen Adieu Farquoit Marchet, Appellant Pro Se.

Sean D. Reyes and Mark C. Field, Salt Lake City, Attorneys for Appellee.

Before Judges GREGORY K. ORME, STEPHEN L. ROTH, and MICHELE M. CHRISTIANSEN.

Decision

PER CURIAM:

¶ 1 Azlen Adieu Farquoit Marchet appeals the dismissal of his petition for post-conviction relief. We affirm.

¶ 2 The district court dismissed Marchet's petition for post-conviction relief after determining that it was time barred under Utah Code section 78B–9–107(1). "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Gardner v. State,* 2010 UT 46, ¶ 55, 234 P.3d 1115 (citation and internal quotation marks omitted).

¶ 3 Utah Code section 78B–9–107(1) states that "[a] petitioner is entitled to relief only if the petition is filed within one year after the cause of action has accrued." Utah Code Ann. § 78B–9–107(1) (LexisNexis 2012). The statute goes on to set forth the dates upon which the cause of action accrues:

(a) the last day for filing an appeal from the entry of the final judgment of conviction, if no appeal is taken;

(b) the entry of the decision of the appellate court which has jurisdiction over the case, if an appeal is taken;

(c) the last day for filing a petition for writ of certiorari in the Utah Supreme Court or the United States Supreme Court, if no petition for writ of certiorari is filed;

(d) the entry of the denial of the petition for writ of certiorari or the entry of the decision on the petition for certiorari review, if a petition for writ of certiorari is filed;

(e) the date on which petitioner knew or should have known, in the exercise of reasonable diligence, of evidentiary facts on which the petition is based; or

(f) the date on which the new rule described in Subsection 78B–9–104(1)(f) is established.

*Id.* § 78B–9–107(2). Here, this court affirmed Marchet's rape conviction in 2009. Marchet then sought a writ of certiorari from the Utah Supreme Court, which was denied on December 10, 2009. Marchet had until March 9, 2010, to file a petition for writ of certiorari with the United States Supreme Court, but he did not do so. Accordingly, under the statute, Marchet was required to file his petition for post-conviction relief no later than March 9, 2011, i.e., one year after the last day for filing a petition for writ of certiorari in the United States Supreme Court, unless subsections (e) or (f) were applicable.

¶ 4 Marchet filed his petition for post-conviction relief in the district court on October 18, 2011. The State, in turn, filed a motion to dismiss arguing that the petition was time barred under section 78B–9–107. Marchet acknowledged that the petition was not filed within one year of the date he could have filed a petition for a writ of certiorari with the United States Supreme Court. However, he argued that his petition should be considered timely because on August 30, 2010, he sent a document to this court requesting "an extension of time to pursue expert counsel to appeal to the United States Supreme Court as well as 65C Post–Convic-

tion Relief." He asserted that this document should be considered a notice of intent to petition for post-conviction relief and that it should save his petition for purposes of the statute. Marchet's argument is misplaced.

¶ 5 Marchet's August 30, 2010 letter to this court did not satisfy the requirements of the post-conviction remedies act or rule 65C of the Utah Rules of Civil Procedure. Contrary to Marchet's argument, the rule requires a petition to be filed, not a notice of an intent to file a petition. *See* Utah R. Civ. P. 65C(c). Accordingly, the August 30, 2010 letter could satisfy the time requirement of Utah Code section 78B–9–107 only if the letter qualified as a petition for post-conviction relief. It did not. First, rule 65C requires the petition to be filed in the district court "in the county in which the judgment of conviction was entered." Utah R. Civ. P. 65C(c). The letter was filed in this court, not the district court. Accordingly, the letter failed to satisfy this jurisdictional requirement. Second, the letter cannot be construed as a petition for post-conviction relief, because it contained none of the information required by rule 65C(d). *See id.* R. 65C(d). Finally, the letter was actually related to a different case and only mentioned this case as being affected by the potential result in that case. Accordingly, under the circumstances, the August 30, 2010 letter cannot be construed as a petition for post-conviction relief in order to satisfy the filing requirements of Utah Code section 78B–9–107. Because Marchet's petition for post-conviction relief was not filed until after the one-year statute of limitations had passed, the district court correctly determined that Marchet's petition was time barred.

¶ 6 Affirmed.