2016 UT App 28

# THE UTAH COURT OF APPEALS

AZLEN ADIEU FARQUOIT MARCHET,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20151024-CA
Filed February 11, 2016

Third District Court, Salt Lake Department
The Honorable Royal I. Hansen
No. 140905584

Azlen Adieu Farquoit Marchet, Appellant Pro Se

Sean D. Reyes and Mark C. Field, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, STEPHEN L. ROTH, and
MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1      Azlen Adieu Farquoit Marchet appeals the dismissal of his second petition for post-conviction relief. We affirm.

¶2      This court affirmed Marchet's conviction of rape. *See State v. Marchet*, 2009 UT App 262, ¶ 1, 219 P.3d 75. Over seventeen months later, Marchet filed his first petition under the Post-Conviction Remedies Act (PCRA). *See* Utah Code Ann. §§ 78B-9-101 to 109 (LexisNexis 2012). This court affirmed the district court's dismissal of that first petition because it was time-barred. *See Marchet v. State*, 2014 UT App 108, ¶ 1, 327 P.3d 44 (per curiam). Marchet then filed his second post-conviction petition over forty-one months after his conviction became final, claiming that his trial and appellate attorneys were ineffective, his

constitutional rights were violated, the State withheld evidence, and the trial court erroneously admitted prior acts evidence. Marchet argued that some claims in the second petition were based upon evidence that he had recently discovered. The State moved for summary judgment on the basis that the claims were time-barred, *see* Utah Code Ann. § 78B-9-107(1), and that any claims not relying on alleged newly discovered evidence were also procedurally barred, *see id.* § 78B-9-106(1)(c).

¶3 The district court dismissed Marchet's second petition for post-conviction relief after determining that all of his claims were either time-barred or procedurally barred. "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Gardner v. State*, 2010 UT 46, ¶ 55, 234 P.3d 1115 (citation and internal quotation marks omitted).

¶4 A post-conviction petitioner "is entitled to relief only if the petition is filed within one year after the cause of action has accrued." Utah Code Ann. § 78B-9-107(1). The district court correctly found that Marchet's cause of action under the PCRA accrued on "the last day for filing a petition for writ of certiorari . . . in the United States Supreme Court . . . if no petition for writ of certiorari is filed." *Id.* § 78B-9-107(2)(c). The district court determined that date to be March 9, 2010, and found that Marchet had one year—until March 9, 2011—to timely file his post-conviction petition. Marchet did not file his second post-conviction petition until August 13, 2014. Accordingly, the second petition was time-barred under the PCRA's statute of limitations for the same reason that the first petition was time-barred.

¶5 Marchet argued that an exception to the PCRA's statute of limitations should apply to his second petition. Marchet claims that his cause of action did not accrue until he obtained his prior trial and appellate attorneys' case files on June 18, 2013. He

asserted that these case files contained evidence not previously disclosed to him that entitled him to assert the exception to the time bar contained in Utah Code section 78B-9-107(2)(e). *See id.* § 78B-9-107(2)(e) (stating that a cause of action accrues on "the date on which petitioner knew or should have known, in the exercise of reasonable diligence, of evidentiary facts on which the petition was based"). Under this exception, Marchet had one year from the date of discovery in which to file a petition. *See id.* § 78B-9-107(1). The district court correctly concluded that "even calculating the post-conviction accrual date from the date Marchet actually discovered these evidentiary facts, all of his claims that rely on this evidence [were] still time-barred." Because Marchet conceded in the petition that he learned of these evidentiary facts on June 18, 2013, he had one year—until June 18, 2014—to timely file his second post-conviction petition. Because Marchet filed the second petition on August 13, 2014, the claims that relied upon evidentiary facts discovered in June 2013 are still time-barred under the PCRA. Furthermore, the district court ruled that, to the extent Marchet's claims were not based on the allegedly newly discovered evidentiary facts disclosed on June 18, 2013, the claims were also procedurally barred because all of the facts on which Marchet relied were known when he filed his direct appeal, i.e., facts from the trial testimony, the jury instructions, and the rule 404(b) hearing. Because those claims could have been raised on direct appeal, they were procedurally barred under the PCRA.[1]

---

1. Although the district court also found that those claims could have been raised in the first post-conviction petition, it should be noted that this court affirmed the dismissal of that petition as time-barred. *See Marchet v. State*, 2014 UT App 108,¶ 1, 327 P.3d 44 (per curiam). Therefore, it would have been futile to include the claims in question in the first petition.

¶6     The district court found that Marchet raised one claim in the second post-conviction petition that could not have been raised on appeal or in his first post-conviction petition. Marchet argued that the legal standard for determining the admissibility of prior acts evidence set forth in *State v. Verde*, 2012 UT 60, 296 P.3d 673, which issued on September 25, 2012, should now apply to his case and that the evidence would not have been admitted if *Verde* applied. Under the PCRA, petitioners may obtain relief if they "can prove entitlement to relief under a rule announced by the . . . Utah Supreme Court . . . after conviction and sentence became final on direct appeal" and also show that "the rule was dictated by precedent existing at the time the petitioner's conviction or sentence became final." Utah Code Ann. § 78B-9-104(1)(f) (LexisNexis 2012). The district court ruled that even if *Verde* announced a new rule, Marchet's claim is still too late because the second post-conviction petition was not filed by September 25, 2013, which was the date one year from the issuance date of the *Verde* opinion.[2] Marchet's second post-conviction petition was untimely under this exception.

¶7     Marchet has not demonstrated that the district court erred in dismissing his claims as time-barred even if they were based on newly discovered evidentiary facts or subsequently decided case law. To the extent that the claims were not allegedly based upon new evidentiary facts, the district court correctly concluded those claims were procedurally barred because they

---

2. Because the second post-conviction petition was untimely even if the exception contained in Utah Code section 78B-9-104(1)(f) applied, the parties did not call upon either the district court or this court to determine whether *Verde* announced a new rule that was "dictated by precedent existing at the time [Marchet's] conviction or sentence became final." *See Winward v. State*, 2015 UT 61, ¶ 2, 355 P.3d 1022 (quoting Utah Code section 78B-9-104(1)(f)(i), *petition for cert. filed*, Oct. 27, 2015 (No. 15-924).

could have been raised on direct appeal. Accordingly, because the district court correctly applied the provisions of the PCRA, we affirm the dismissal of Marchet's second post-conviction petition.

————