**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

AZLEN ADIEU FARQUOIT MARCHET,

    Petitioner - Appellant,

v.

LARRY BENZON,

    Respondent - Appellee.

No. 19-4045
(D.C. No. 2:17-CV-00473-TS)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Applicant Azlen Adieu Farquoit Marchet, a state prisoner appearing pro se,[1]

seeks a certificate of appealability (COA) to appeal the district court's dismissal of

his petition for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A)

(requiring a COA to appeal "the final order in a habeas corpus proceeding in which

the detention complained of arises out of process issued by a State court"). The

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Marchet appears pro se, we liberally construe his petition. *E.g.*, *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) ("Because Requena appeared pro se, we liberally construe his pleadings."); *Lankford v. Wagner*, 853 F.3d 1119, 1121 (10th Cir. 2017) ("Because the Lankfords are proceeding pro se, 'we construe [their] pleadings liberally.'" (alteration in original) (quoting *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003))).

district court dismissed the petition as untimely under 28 U.S.C. § 2244(d)(1)(A). *See Marchet v. Benzon*, No. 2:17-cv-473 TS, 2019 WL 943534, at *1 (D. Utah Feb. 26, 2019). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(c), we deny Marchet's application for a COA, grant his motion to proceed *in forma pauperis*, and dismiss his appeal.

## BACKGROUND

In August 2007, Marchet was convicted of B.F.'s rape and sentenced to a term of five years to life. Marchet timely appealed and, in September 2009, the Utah Court of Appeals affirmed his conviction. *State v. Marchet*, 2009 UT App 262, ¶ 53, 219 P.3d 75, 88. On December 10, 2009, the Utah Supreme Court denied certiorari. *State v. Marchet*, 221 P.3d 837 (Utah 2009) (unpublished table decision). Ninety days later on March 10, 2010, Marchet's time to file a petition for certiorari with the Supreme Court of the United States expired. *See* 28 U.S.C. § 2101(d); U.S. Sup. Ct. R. 13. On October 18, 2011, Marchet filed his first petition for state-postconviction relief, which, in October 2012, the Utah district court dismissed as untimely and procedurally barred. In May 2014, the Utah Court of Appeals affirmed. *Marchet v. State*, 2014 UT App 108, ¶ 6, 327 P.3d 44, 45. In August 2014, Marchet filed his second petition for state postconviction relief, asserting he discovered new evidence on June 18, 2013, which allegedly weakened the government's case and showed that the government had violated his due-process rights. He also argued that *State v. Verde*, 2012 UT 60, 296 P.3d 673, *abrogated by State v. Thornton*, 2017 UT 9, 391 P.3d 106, articulated a new legal standard for admitting prior-act evidence under

Utah Rule of Evidence 404(b)[2] that should apply to his case. In October 2015, the Utah district court dismissed this petition as procedurally barred and untimely, determining that Marchet had missed his deadline of June 18, 2014, to file his newly-discovered-evidence claim and his deadline of September 25, 2013, to file his *Verde* claim. In February 2016, the Utah Court of Appeals affirmed. *Marchet v. State*, 2016 UT App 28, ¶ 7, 367 P.3d 1050, 1052. In June 2016, the Utah Supreme Court denied certiorari. *Marchet v. State*, 379 P.3d 1182 (Utah 2016) (unpublished table decision). On August 7, 2015, Marchet filed a third petition for state-postconviction relief, which was also dismissed as barred.

On May 24, 2017, Marchet filed his § 2254 petition in the United States District Court for the District of Utah. *Marchet v. Benzon*, 2019 WL 943534, at *1. The district court determined that, absent statutory or equitable tolling, Marchet needed to have filed his federal petition by March 10, 2011 (a year after his time to seek certiorari from the United States Supreme Court had expired). *Id.* (citing 28 U.S.C. § 2244(d)(1)(A)). The district court ruled that Marchet could not rely on statutory tolling under 28 U.S.C. § 2244(d)(2) because Marchet had not filed his state-postconviction petition until after the federal-limitations period had expired. *Id.* (citing *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (stating that a "state court petition . . . that is filed following the expiration of the federal limitations

---

[2] Rule 404(b) provides that bad-act evidence may be admissible for a purpose other than proving a criminal defendant's character, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Utah R. Evid. 404(b)(2).

period cannot toll that period because there is no period remaining to be tolled" (citation and internal quotation marks omitted))). The district court also ruled Marchet had not met the actual-innocence standard for equitable tolling, because his "new" evidence was neither new nor "so probative and compelling that his guilt could not have possibly been found by a reasonable juror." *Id.* at *2. The district court denied Marchet a COA, *id.*, and on March 25, 2019, Marchet timely filed in our court an application for and brief in support of a COA.

## DISCUSSION

We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As in this case, in which the district court has dismissed a habeas petition on procedural grounds, we will issue a COA only if the applicant "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To avoid reaching constitutional issues if possible, the Court encourages us to resolve procedural issues first.[3] *Id.* at 485 (citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) (recognizing that the "Court will not pass upon a

---

[3] It appears Marchet's application for a COA fails on the merits because, in it, he makes no allegation of a denial of a constitutional right. He asserts only that a state evidentiary doctrine has been violated.

constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of")).

We conclude that reasonable jurists would not find it debatable whether Marchet's petition sufficiently raised a constitutional violation or was timely and not procedurally barred. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitations period for federal habeas petitions, which ordinarily begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). But when the petition alleges newly discovered evidence, the limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D); *see McQuiggin v. Perkins*, 569 U.S. 383, 388–89 (2013).

The district court analyzed the statutory timeliness of Marchet's habeas petition under only § 2244(d)(1)(A), *see Marchet v. Benzon*, 2019 WL 943534, at *1, and correctly concluded that it is time-barred under that provision. But, for thoroughness, we will also analyze Marchet's petition for timeliness under § 2244(d)(1)(D) because Marchet alleges in his COA application that his petition is based on newly discovered evidence. He admits, however, that he obtained this evidence on June 18, 2013. Taking this as the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," Marchet would have had until only June 18, 2014, to timely file his

5

federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(D). He did not file his habeas petition until 2017, so it is time barred.

Marchet asserts his habeas petition is timely because his state-postconviction filings toll the limitations period. Section 2244(d)(2) provides: "The time during which a *properly* filed application for State post-conviction or other collateral review with respect to the *pertinent* judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2) (emphasis added). Marchet did not file his state petition on the newly-discovered-evidence claim until August 13, 2014, which the state courts dismissed as untimely. *See Marchet v. State*, 2016 UT App 28, ¶ 5, 367 P.3d at 1051 (stating that Marchet did not file his newly-discovered-evidence claim until August 13, 2014, and that it was untimely). This petition therefore was not "properly filed" under § 2244(d)(2) and cannot toll the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (internal quotation marks omitted) (concluding that a state-postconviction petition rejected as untimely is not "'properly filed' within the meaning of § 2244(d)(2)"); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (stating that a petitioner's "petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period"). None of Marchet's state-postconviction filings toll his federal limitations period, so his habeas petition is time barred.[4]

---

[4] Marchet asserts that he "filed [his] initial habeas in 2011 . . . to keep the door from closing." Br. at 1, 3. We see no such filing. The sole 2011 filing we do see is

We also agree with the district court that reasonable jurists would not find it debatable that equitable tolling is unavailable. Equitable tolling is available only "in rare and exceptional circumstances," *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003), requiring that the petitioner establish that he diligently pursued his rights and some extraordinary circumstance prevented his timely filing, *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). Marchet has not explained why it took him almost four years after obtaining the allegedly new evidence to file his federal habeas petition. Instead, he relies on a contention of actual innocence as his ground for equitable tolling. *See McQuiggin*, 569 U.S. at 386 (holding that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations").

Evidence of actual innocence must be (i) new, (ii) reliable, and (iii) so compelling and probative that no reasonable juror could have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 324–29 (1995). This demanding standard is rarely met. *McQuiggin*, 569 U.S. at 386. Nor is it here. Marchet points to two pieces of "new" evidence: (i) police reports revealing that the

---

Marchet's first petition for state-postconviction relief, which cannot toll Marchet's federal habeas one-year limitation period, because this first state-postconviction petition was untimely under Utah law and did not contain his newly-discovered-evidence claim. *See* 28 U.S.C. § 2244(d)(2); *Pace*, 544 U.S. at 410. With no evidence of a prior federal habeas petition, we thus treat this as his first.

victim B.F. spoke with Rule 404(b) witness[5] M.P. in 2005 about his raping them, and (ii) a second Rule 404(b) witness, J.C., having testified at his earlier rape trial that he had asked for her consent before raping her. First, we do not see how J.C.'s trial testimony at Marchet's own trial would be new to him. But we need not decide whether this evidence is new or reliable, because it fails on the third requirement—it is not probative of Marchet's innocence of B.F.'s rape. Neither piece of allegedly new evidence bears on whether Marchet actually raped B.F. Marchet has not met the threshold requirement that, in light of this evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S at 329. Thus, Marchet has not shown actual innocence and is not entitled to equitable tolling. This leaves his petition where it started—outside § 2244(d)'s one-year limitation period and time barred.

## CONCLUSION

For these reasons, we deny Marchet a COA on the district court's denial of his

---

[5] At trial, the judge admitted under Rule 404(b) the testimony of two witnesses, M.P. and J.C., regarding alleged rapes by Marchet. *State v. Marchet*, 2009 UT App 262, ¶¶ 2–4, 219 P.3d at 78. Before this trial, Marchet was tried for allegedly raping J.C. and was acquitted. *Id.* ¶ 3, 219 P.3d at 78. After Marchet was convicted for B.F.'s rape, he was tried and convicted of raping M.P. *See State v. Marchet*, 2012 UT App 197, ¶ 7, 284 P.3d 668, 670.

8

petition for writ of habeas corpus, grant his motion to proceed *in forma pauperis*, and dismiss the appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge