# United States Court of Appeals for the Federal Circuit

---

**JOSEPH P. VALLES,**
*Petitioner*

**v.**

**DEPARTMENT OF STATE,**
*Respondent*

---

2020-1686

---

Petition for review of the Merit Systems Protection Board in No. DE-0752-19-0297-I-2.

---

Decided: October 29, 2021

---

CHRISTOPHER R. LANDRIGAN, Brownell Landrigan, PC, Washington, DC, argued for petitioner.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., TARA K. HOGAN.

---

Before DYK, LINN, and CHEN, *Circuit Judges.*

DYK, *Circuit Judge.*

Joseph Valles appeals the final decision of the Merit Systems Protection Board ("Board") affirming his removal from employment with the United States Department of State ("agency").  We affirm.

## BACKGROUND

Mr. Valles began working for the Department of State as a passport specialist in 2011 in Tucson, Arizona.  In March 2013, Mr. Valles transferred to the Colorado Passport Agency in the Bureau of Consular Affairs.  In October 2016, Mr. Valles served a three-day suspension for charges of improper personal conduct regarding inappropriate sexual and political comments made to co-workers and customers.  In March 2018, Mr. Valles served a five-day suspension for charges of failure to follow instructions and failure to protect personally identifiable information.  In February 2019, Mr. Valles received a performance appraisal of "Fully Successful" for his work as a passport specialist in Colorado during calendar year 2018 ("evaluation").

Notwithstanding the fully successful evaluation, in March 2019, the agency proposed Mr. Valles' removal based on four charges from eighteen specifications dating between July 2018 and February 2019.  Some but not all of the alleged conduct occurred during the 2018 evaluation period.  The first charge ("Charge One") was failure to follow instructions, based on eleven specifications regarding Mr. Valles' failure to properly move along applications and provide text updates.  The second charge was failure to protect personally identifiable information based on one specification regarding Mr. Valles leaving a passport application on a photocopier.  The third charge was failure to follow policy based on five specifications regarding Mr. Valles' handling of passport fees, not maintaining control over applications, and leaving his adjudication stamp unsecured. The fourth charge was improper personal conduct based on Mr. Valles drinking from a wine glass at his

workstation in the public counter. The agency removed Mr. Valles from his position effective May 7, 2019.

Mr. Valles appealed to the Board. After a hearing, in a January 6, 2020, initial decision, the administrative judge ("AJ") determined that the agency proved all the charges.

The AJ further determined that the agency established a nexus between the proven misconduct and the agency's ability to carry out its mission because all the misconduct occurred at work. Finally, the AJ reviewed the appropriateness of removing Mr. Valles from service as a penalty. The AJ determined that the agency properly considered all the relevant *Douglas* factors,[1] including the repeated nature and seriousness of the misconduct, Mr. Valles' prior discipline, his seven years of federal service and job performance, the consistency of the penalty with similar cases, and the lack of rehabilitation potential on Mr. Valles' part. The AJ upheld the removal penalty as reasonable.

Mr. Valles did not seek review by the full Board. The AJ's initial decision became the final decision of the Board. Mr. Valles petitioned for review by this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited by statute. We are permitted to set aside a Board decision only if we find that it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

---

[1]    *Douglas v. Veterans Admin.*, 5 M.S.P.B. 313 (1981).

5 U.S.C. § 7703(c).

## I.    Charge One

Mr. Valles argues that the Board erred in disregarding the "Fully Successful" evaluation because the evaluation rebuts Charge One.[2]  On Charge One, the Board rejected Mr. Valles' argument that the evaluation undermined the agency's proof, found no inconsistency between the evaluation and the charge, and instead credited "management's conclusion that [Mr. Valles'] misbehavior presented an issue of misconduct more than performance" and "management's distinction that performance involves an employee who 'can't do,' while misconduct involves an employee who 'won't do'." JA 17.

We agree with Mr. Valles that the Board should have considered the evaluation.  Issues of misconduct and performance may overlap.  In this case, the agency's employee appraisal form itself demonstrates that following instructions can fall within this area of overlap: one performance requirement is that an employee "[f]ollows passport services procedures and directives related to the adjudication

---

[2]    In support of his argument, Mr. Valles cites to *Moretz v. Department of the Treasury*, 19 M.S.P.R. 376, 378 (1984), for the proposition that "a successful performance rating rebuts a charge of failing to meet the standards of a position." Appellant's Opening Br. 37. However, in *Moretz*, the agency relied on the evaluation to establish below standard performance.  19 M.S.P.R. at 378.  The Board merely determined that a work evaluation could not sustain a charge of failing to meet the standards of the position because the specifications were based on "scores connoting less than fully satisfactory, but not entirely unsatisfactory, work performance." *Id.*  Here, the deciding official did not rely on the evaluation to establish unsatisfactory performance.

of a passport application." JA 182. At oral argument, the government admitted that the evaluation covers following instructions. *See* Oral Arg. at 14:20–15:06, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20-1686_08312021.mp3. Under these circumstances, the evaluation was clearly relevant, and the Board was obligated to consider it. In so holding, we do not suggest that the existence of a fully successful performance evaluation bars discipline for matters covered by the evaluation, but merely that the evaluation must be considered in making the determination.

However, we also conclude that, in the circumstances of this case, the Board's disregard of the evaluation was not reversible error. As an appellate court, we are obligated to apply the rule of harmless error, examining the record "without regard to errors or defects which do not affect the substantial rights of the parties." 28 U.S.C. § 2111. *See, e.g.*, *Shinseki v. Sanders*, 556 U.S. 396, 411 (2009); *Boss v. Dep't of Homeland Sec.*, 908 F.3d 1278, 1282–83 (Fed. Cir. 2018); *Giove v. Dep't of Transp.*, 230 F.3d 1333, 1338–39 (Fed. Cir. 2000). Although the test for harmful error can be complex, we think that, in the circumstances of this case, Mr. Valles must show a "likelihood that the result would have been different." *Sanders*, 556 U.S. at 411.

Mr. Valles bears the burden of establishing harmful error. *Id.* at 409–10 (party appealing an administrative decision bears the burden of establishing harmful error); *see also Palmer v. Hoffman*, 318 U.S. 109, 116 (1943) ("He who seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted.").

Here, Mr. Valles has not shown that the consideration of the evaluation would likely lead to a different result on Charge One. He did not dispute at the agency or the Board that any of the events underlying the specifications occurred. Mr. Valles held onto completed applications for

three days before passing them along to his supervisor despite being told to move them along "as soon as possible" to limit delays (Specifications 1–4), provided an inaccurate or untimely text update on an application (Specification 5), misplaced applications (Specification 6), held off on working on an application for a day despite being told to do so promptly (Specification 7), and passed along incomplete batches of applications to his supervisor that were not ready for review (Specifications 8–11). Furthermore, five of the eleven specifications in Charge One took place in 2019, after the evaluation period, and thus could not be rebutted by the evaluation.

Under these circumstances, Mr. Valles has not shown harmful error with respect to the proof of Charge One.

## II.    The Penalty Determination

Penalty determinations must be reasonable based on an analysis of the relevant factors set forth in *Douglas*, 5 M.S.P.B. at 331–32. "[A]n appropriate penalty must reflect a responsible balancing of the relevant factors." *Connor v. Dep't of Veterans Affs.*, 8 F.4th 1319, 1324–25 (Fed. Cir. 2021) (internal quotation marks and citations omitted). One such factor is the "nature and seriousness of the offense." *Douglas*, 5 M.S.P.B. at 332. "The choice of penalty is committed to the sound discretion of the employing agency and will not be overturned unless the agency's choice of penalty is wholly unwarranted in light of all the relevant factors." *Guise v. Dep't of Just.*, 330 F.3d 1376, 1382 (Fed. Cir. 2003) (citing *Lachance v. Devall*, 178 F.3d 1246, 1251 (Fed. Cir. 1999)).

Mr. Valles argues on appeal that the evaluation provides a "dispositive" and "comprehensive assessment of the seriousness of the alleged misconduct." Appellant's Opening Br. 57. Mr. Valles is correct that his fully successful rating is relevant to the seriousness of the offenses insofar as the offenses occurred during the evaluation period. The Board did not discuss the evaluation in relation to the

penalty, though it did cite the agency's decision letter which "took into account [Mr. Valles'] seven years of federal service and job performance." JA 25. However, here again, Mr. Valles has not shown harmful error even if we assume that the Board erroneously failed to consider the evaluation in connection with the penalty.

First, even if the Board did not consider the evaluation, the deciding official did consider it. In a thorough analysis of the *Douglas* factors, the deciding official expressly weighed Mr. Valles' evaluation and past work record among other mitigating factors. The deciding official considered whether alternative sanctions might be appropriate, and ultimately decided that "any lesser or alternative sanction [than removal] would be ineffective to stress upon [Mr. Valles] the importance of following management's instructions to avoid potential harm to our U.S. citizen customers and ensure the efficient operations of the Colorado Passport Agency." JA 75. The fact that the deciding official admitted that he did not read part of the narrative summary portion of the evaluation does not alter the fact that the gist of the evaluation was considered.

Second, consideration of the evaluation was not likely to alter the Board's conclusion that the penalty was reasonable. Even if the evaluation suggested that the 2018 events in Charge One were not serious in and of themselves,[3] the failure to follow instructions is undoubtedly a serious matter when it occurs repeatedly over a prolonged period. In

---

[3] Mr. Valles also argues that the penalty is unreasonable due to the commonplace nature of his errors. There was no evidence in the record to show that it was commonplace for employees to make errors to the extent that Mr. Valles did. The Board credited testimony that "what distinguished [Mr. Valles] was the frequency of his misconduct, in contrast to his colleagues who would change course after limited guidance or discipline." JA 11 n.9.

affirming the reasonableness of the agency's penalty, the Board "found [the deciding official's] testimony highly credible . . . about the seriousness and repetitive nature of the misconduct."   JA 25.   In the decision letter, the deciding official cited "the repetitive nature of [Mr. Valles'] misconduct" and his "history of consistently ignoring management instructions" in determining that removal was a reasonable penalty.  JA 73, 75.  The Board found that the agency's decision letter "meticulously addressed all of the pertinent *Douglas* factors, including the nature and seriousness of the misconduct, its repeated nature, and its relationship to [Mr. Valles'] duties." JA 25.  The Board found that the letter "expressly took into account that [Mr. Valles] was clearly on notice of management's expectations, in part based on [his] prior discipline," and also "took into account [Mr. Valles'] seven years of federal service and job performance." *Id.*

The prior discipline concerned the suspension of Mr. Valles in early 2018, in part for a charge of failure to follow instructions.  For this earlier charge, Mr. Valles admitted his failure to follow instructions regarding the underlying specifications.  Those specifications resemble the ones at issue in Charge One; they involved Mr. Valles keeping active cases in his work-in-progress box for too long, failing to provide appropriate and complete text updates on applications, and stamping or signing applications that were not fully approvable.   Five of the eleven specifications of Charge One took place in 2019, after the evaluation period. Given the repetitive nature of the conduct and the deciding official's reliance on this conduct, consideration of the evaluation was not shown to be likely to change the Board's determination of reasonableness.

We conclude that Mr. Valles has not established that there was harmful error with respect to the penalty determination.

### III.    Other Issues

Additionally, Mr. Valles argues that the Board relied on hearsay statements to support its findings on the charge of failure to follow policy.  But the Board is permitted to consider hearsay evidence. *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1364 (Fed. Cir. 1998) ("It has long been settled, however, that hearsay evidence may be used in Board proceedings and may be accepted as preponderant evidence even without corroboration if, to a reasonable mind, the circumstances are such as to lend it credence.").  Mr. Valles also challenges the charge that he "displayed improper personal conduct when [he] drank from a wineglass while at [his] workstation in the public counter area." JA 23.  Even though Mr. Valles claimed to be drinking only water from the wineglass, he did not dispute that his actions were in full view of the public. *Id.* Mr. Valles' claim that he placed the wineglass behind the counter out of sight is unavailing because it does nothing to refute the allegation that when he drank water from it, he would have been in view of the public.

We have considered the remainder of Mr. Valles' contentions and find them to be without merit.  The Board's decision was supported by substantial evidence.

**AFFIRMED**

COSTS

No costs.