## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GEORGE LEE,

Appellant,

v.

DEPARTMENT OF COMMERCE,

Agency.

DOCKET NUMBER
DC-0752-22-0152-I-1

DATE:  November 17, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher Landrigan, Esquire, and Christine Mundia, Esquire,
Washington, D.C., for the appellant.

Adam Chandler, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal from Federal service based on charges of failure to follow procedures, failure to properly handle employee badge and credentials, misuse of a government owned vehicle, and mismanagement.  On petition for review, the appellant makes the following arguments:  he managed his division as best as he

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

could despite limited resources; the agency "scapegoated" by removing him due to negative publicity; the administrative judge erred in sustaining the charges; and the removal penalty is unreasonable, and the administrative judge and the deciding official improperly failed to consider relevant *Douglas*[2] factors in deciding to remove him. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

¶2 Regarding the appellant's argument that his positive performance appraisals "rebut" the mismanagement charge based on the Board's decision in *Moretz v. Department of the Treasury*, 19 M.S.P.R. 376, 378 (1984), there is no merit to his claim. Petition for Review (PFR) File, Tab 1 at 18-19. Specifically, the appellant argues on review that pursuant to *Moretz*, when an agency policy or directive that an appellant is charged with failing to follow is "equivalent to" the standards of his position, a successful performance rating "rebuts" the charge. PFR File, Tab 1 at 18. The appellant argues that because his performance appraisals during the period that he was charged with mismanagement were all positive, his positive appraisals rebut all of the specifications of the mismanagement charge. PFR File, Tab 1 at 18-19, Tab 4 at 4-8.

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of 12 relevant factors to be considered in determining the appropriateness of an imposed penalty in adverse action appeals.

¶3      However, as the agency correctly observes, in *Valles v. Department of State*, 17 F.4th 149, 151 n.2 (Fed. Cir. 2021), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) rejected a similar argument advanced by the appellant in that case. PFR File, Tab 3 at 16-19. The appellant in *Valles* was removed based on a charge of failure to follow instructions that included acts of misconduct related to his performance of his job duties, even though he had received a fully successful performance appraisal during the period he was charged with the misconduct. *Valles*, 17 F.4th at 151. On appeal to the Federal Circuit, he argued that the Board erred by disregarding his fully successful performance appraisal, reasoning that the positive evaluation "rebutted" the charge, citing the Board's opinion in *Moretz*. *Id.* at 151 & n.2. The Federal Circuit rejected the appellant's argument, distinguishing *Moretz*. As the Federal Circuit noted, the appellant in *Moretz* was charged with failing to meet the standards of his position. *Valles*, 17 F.4th at 151 n.2; *Moretz*, 19 M.S.P.R. at 378. In supporting this charge, the agency in *Moretz* relied on the appellant's performance evaluations to establish below standard performance. *Valles*, 17 F.4th at 151 n.2. In sustaining the administrative judge's finding reversing the relevant specifications of that charge, the Board held in *Moretz* that the appellant's "less than fully satisfactory, but not entirely unsatisfactory" performance level could not sustain the charge of failing to meet the standards of the position. *Valles*, 17 F.4th at 151 n.2; *Moretz*, 19 M.S.P.R. at 378.

¶4      However, in *Valles's* case, the deciding official had not relied on the appellant's evaluations to establish unsatisfactory performance. *Valles*, 17 F.4th at 151 n.2. Additionally, although the court acknowledged that the existence of a positive performance appraisal may prove relevant to a misconduct charge and issues of misconduct and performance may overlap, the court nevertheless made clear that it was not suggesting that the existence of a fully successful performance evaluation "bars discipline for matters covered during the evaluation [period]." *Id.* at 152. Instead, the court held only that the evaluation must be

considered in reaching the decision. *Id.* Based on the facts before it, the court concluded that the Board's failure to consider the appellant's positive evaluations in assessing his misconduct did not constitute reversible error, noting that the deciding official did consider the appellant's performance evaluations in a thorough *Douglas* factor analysis and that consideration of the evaluations was not likely to alter the Board's conclusion that the penalty was reasonable. *Id.* at 153.

¶5      As in *Valles*, the appellant's performance appraisals during the period from 2016 through 2019—the period during which most of the misconduct underlying the mismanagement charge occurred—were generally positive. Initial Appeal File (IAF), Tab 31 at 25-68; *see Valles*, 17 F.4th at 151. However, also as in *Valles*, here, the deciding official did not specifically rely on the appellant's evaluations to establish unsatisfactory performance. *Valles*, 17 F.4th at 151 n.2; IAF, Tab 10 at 6-13. The deciding official in the instant case also considered the relevant *Douglas* factors, including mitigating factors such as the appellant's significant length of service, his lack of prior disciplinary action, and, notably, his high-performance ratings. IAF, Tab 10 at 10.

¶6      Unlike in *Valles*, however, the administrative judge here specifically considered the appellant's performance appraisals, as well as his argument that the positive information contained in the appraisals rebutted the agency's claims that he engaged in several of the instances of misconduct that made up the mismanagement charge. For example, the administrative judge acknowledged the appellant's undisputed assertion that his performance appraisals indicated that his department closed a certain number of cases each year, which related to specification 2 of the mismanagement charge. IAF, Tab 42, Initial Decision (ID) at 16. She nevertheless credited the testimony of agency Office of the Inspector General officials stating that their audit of the pending cases in the division the appellant oversaw revealed that a significant number of cases remained open for

extended periods of time, without activity, while the division was under the appellant's supervision. ID at 15-16.

¶7 In another instance, the administrative judge acknowledged the appellant's argument that his fiscal year (FY) 2016 through FY 2020 performance appraisals reflected that he had conducted between 6 and 100 hours of training annually, which related to specification 6 of the mismanagement charge alleging that the appellant had failed to establish an appropriate training program for agents in his division. ID at 23; IAF, Tab 10 at 9. She nevertheless concluded that, despite this information in the appellant's performance reviews, he had not produced any evidence rebutting the testimony by two agency employees stating that they were never given any Basic Agent Training, nor had the appellant provided any evidence that the courses were ever offered, such as lists of attendees, course materials, or the like. ID at 23. Accordingly, we conclude that the deciding official and the administrative judge properly considered the appellant's positive performance appraisals to the extent that they were relevant to the charges of misconduct, and there is no merit to the appellant's argument that, pursuant to *Moretz*, his positive appraisals "rebut" the mismanagement charge.

¶8 The appellant also appears to have alleged that he was subjected to a disparate penalty in his prehearing submission, but the administrative judge did not make any findings in the initial decision regarding this potential claim. IAF, Tab 31 at 20-21; ID at 1-31. The appellant reargues on review that he was "scapegoated," asserts that all of the other agents in his division were protected from reduction in force procedures when the agency disbanded the division, and notes that "none of [his] managers throughout this period received any discipline apart from one supervisor receiving a mere reprimand." PFR File, Tab 1 at 17. Thus, it appears that the appellant may be attempting to reassert that he was subjected to a disparate penalty on review.

¶9 However, to the extent the administrative judge erred in failing to adjudicate this claim, any such error would not warrant reaching a different

outcome in this case.  Among the factors an agency should consider in setting the penalty for misconduct is the "consistency of the penalty with those imposed upon other employees for the same or similar offenses."  *Singh v. U.S. Postal Service,* 2022 MSPB 15, ¶ 10 (quoting *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981)).  In assessing the agency's penalty determination, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently.  *Id.*, ¶¶ 14-17.  Additionally, although the universe of potential comparators will vary from case to case, it should be limited to those employees whose misconduct or other circumstances closely resemble those of the appellant.  *Id.*, ¶ 13.  Aside from asserting that he was "scapegoated" and generally stating that other agents in his division were not subjected to discipline in connection with the Office of the Inspector General investigation that led to his removal, the appellant has not identified any similarly situated comparator employees who were charged with the same or similar instances of misconduct, and so he has necessarily failed to show that the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently.  *See id.*, ¶¶ 14, 17.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br/>
for the Federal Circuit<br/>
717 Madison Place, N.W.<br/>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                  _____

Jennifer Everling

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.