NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ISOM W. HARRIS, IV,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1786

---

Petition for review of the Merit Systems Protection Board in No. SF-844E-18-0486-I-1.

---

Decided: February 18, 2025

---

ISOM HARRIS, IV, Lancaster, CA, pro se.

KELLY WINSHIP, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before DYK, MAYER, and REYNA, *Circuit Judges*.

PER CURIAM.

Isom W. Harris, IV petitions for review of the Merit Systems Protection Board ("Board")'s order dismissing his appeal as untimely. We vacate and remand to the Board for further proceedings consistent with this opinion.

BACKGROUND

Mr. Harris was a Postmaster at the Lynwood, California, Postal Office. Around October 2016, Mr. Harris submitted an application for disability retirement, claiming disability for posttraumatic stress disorder. The Office of Personnel Management ("OPM") denied Mr. Harris's application on August 4, 2017. In a decision, which on its face is dated March 15, 2018, OPM also denied his request for reconsideration and apparently mailed the decision to Mr. Harris on the same date.[1]  S. App'x 71.[2]  Mr. Harris appealed OPM's reconsideration decision on April 25, 2018.

Under 5 C.F.R. § 1201.22(b)(1), which governs appeals of OPM's decisions to the Board, "an appeal must be filed no later than 30 days after the effective date . . . of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." Here, the OPM decision being appealed is the reconsideration decision. In filing his appeal, Mr. Harris relied on the provision of § 1201.22(b)(1) permitting an appeal within "30 days after the date of [his] receipt of the agency's

---

[1]  There is no direct evidence of the mailing date by OPM, but this date is not material given evidence that the reconsideration decision was received by the Lakewood, California, post office by March 19, 2018.

[2]  Citations to "S. App'x" refer to the Corrected Supplemental Appendix filed by the government with its Corrected Response Brief.

decision." His appeal was thus timely only if he received the decision on March 26, 2018 or thereafter.

The relevant facts are scant and in some respects undisputed. OPM sent a copy of the reconsideration decision, via certified mail and return receipt requested, to Mr. Harris's address at a P.O. Box in Lakewood, California. The tracking history for that mail indicates it was sorted for delivery at the Lakewood post office on March 19, 2018, thirty-eight days before Mr. Harris appealed. However, Mr. Harris had changed his address from the Lakewood P.O. Box to an address 90 miles away in Lancaster, California, on July 29, 2017, and he had submitted this change of address with the postal service. While the certified mail receipt was returned to OPM, the return receipt was not returned. Instead, it appears to have been left with the copy of OPM's reconsideration decision delivered to Mr. Harris, without obtaining his signature. The only evidence of the date of receipt of the decision are two declarations by Mr. Harris, in which he declared that the decision was left in his mailbox only a few days before he appealed, that is a few days before April 25, 2018. *See* S. App'x 57 (declaring "[t]his item was left in my mailbox only a few days before the appeal was filed"); Motion to Rule on OPM Portion of the Claim at 3, Harris v. Off. of Pers. Mgmt., No. SF-844E-18-0486-I-1 (M.S.P.B. May 25, 2018), Tab No. 6 (declaring "[t]he item was left in the . . . Lancaster CA mail[]box without proper handling just days prior to [when the] appeal was filed with [the Board]").

Because the Administrative Judge ("AJ") questioned whether Mr. Harris's appeal was untimely, the AJ issued two show cause orders on timeliness. The AJ then dismissed Mr. Harris's appeal as untimely and for lacking good cause for the untimeliness. *See Harris v. Off. of Pers. Mgmt.*, No. SF-844E-18-0486-I-1, at 4–6 (M.S.P.B. June 27, 2018) (*Initial Decision*). In so doing, the AJ found Mr. Harris's statement that he had received OPM's

reconsideration decision only a few days before the appeal to be "conclusory and not supported by any evidence," *Initial Decision* at 5, and that he had not established that he had changed his address from his former address in Lakewood to the address in Lancaster. After the AJ's dismissal, Mr. Harris appealed for review by the full Board, and for the first time, he submitted a document showing that he had changed his address with the postal service on July 29, 2017. The full Board modified the *Initial Decision* to address the newly submitted evidence and affirmed the AJ's dismissal. *See Harris v. Off. of Pers. Mgmt.*, No. SF-844E-18-0486-I-1, at 2 (M.S.P.B. Mar. 21, 2024) (*Final Order*). The Board explained that there was a presumption, under 5 C.F.R. § 1201.22(b)(3), that Mr. Harris had received OPM's reconsideration decision at his new address in Lancaster, and that any delay in service could not be excused because Mr. Harris was negligent in not informing OPM itself of his address change. The Board further found that, in any case, he had not shown that he had filed his appeal within 30 days of when he received OPM's decision. *Final Order* at 6.

Mr. Harris petitions for review of the Board's order dismissing the case. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).[3]

## DISCUSSION

We may disturb the decision of the Board if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *accord Valles v. Dep't of State*, 17 F.4th 149, 151

---

[3]    In his opening brief, Mr. Harris states that he is waiving any discrimination claims. Pet'r's Br. 4.

(Fed. Cir. 2021). Whether the Board has jurisdiction to adjudicate an appeal is a question of law that this court reviews de novo. *Ricci v. Merit Sys. Prot. Bd.*, 953 F.3d 753, 756 (Fed. Cir. 2020). Factual findings of the Board regarding untimeliness are reviewed for substantial evidence. *Espenschied v. Merit Sys. Prot. Bd.*, 804 F.2d 1233, 1238 (Fed. Cir. 1986). As the petitioner, Mr. Harris has the burden of establishing that the Board has jurisdiction over the appeal by a preponderance of evidence. *Ricci*, 953 F.3d at 756.

On this record, the Board erred in relying on two considerations that do not bear on the timeliness of his appeal. The Board started with the presumption, set forth in 5 C.F.R. § 1201.22(b)(3), that OPM's reconsideration decision was delivered to Mr. Harris's new address in Lancaster. *Final Order* at 6. This presumption, however, says nothing about how the long the decision may have been delayed in reaching Mr. Harris in Lancaster. *See* 5 C.F.R. § 1201.22(b)(1) (measuring time for appeal from "the date of the appellant's receipt of the agency's decision"). The Board then improperly focused on Mr. Harris's failure to notify OPM of his address change—a factor that is not relevant to when Mr. Harris actually received OPM's reconsideration decision in Lancaster, but rather to whether there would have been lack of good cause for any untimeliness. To the extent the Board was suggesting that Mr. Harris's failure to provide his change of address to OPM means that there was a presumption that Mr. Harris received OPM's reconsideration decision at his Lakewood address more than thirty days before he appealed, we do not read the regulation as providing for any such presumption.

The Board also erred in not considering all of the evidence offered by Mr. Harris to demonstrate that he timely filed his appeal. The Board did not consider that it may have taken more than seven days from the time when the mail was sorted for delivery to the Lakewood address on

March 19, 2018, to the time when Mr. Harris received it in Lancaster.  Mr. Harris could have received OPM's reconsideration decision later given the need to forward the decision to Lancaster.  The Board also faulted Mr. Harris for not clearly identifying the alleged date that he received OPM's decision.  *Final Order* at 6.  Mr. Harris, however, declared, under penalty of perjury, that he did not receive OPM's reconsideration decision until "only a few days" before he filed his appeal.[4]  S. App'x 57.  There is no evidence from the Board's *Final Order* that it considered Mr. Harris's sworn testimony.  Contrary to the AJ's *Initial Decision*, this statement was not conclusory but sworn by Mr. Harris under the penalty of perjury.  We thus vacate the Board's *Final Order* and remand for the Board to consider whether Mr. Harris timely filed his appeal in light of the record as a whole and free of the errors we identified above.

## VACATED AND REMANDED

COSTS

Costs to Petitioner.

---

[4]     Before this court, Mr. Harris argues that the Board found that he received OPM's decision on April 19, 2018.  While the Board stated that the AJ "found that April 19, 2018 should be deemed the date of receipt of OPM's reconsideration decision," *Final Decision* at 4, that statement appears to be a typographical error.  Contrary to the Board's error, the AJ found that Mr. Harris had to file his appeal on or before April 18, 2018.  *See Initial Decision* at 4.