NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAMIAN R. NASTRI,**

*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent*

---

2024-2152

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-18-0420-W-1.

---

Decided: December 8, 2025

---

DAMIAN R. NASTRI, Springfield, VA, pro se.

DEANNA SCHABACKER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before MOORE, *Chief Judge*, STARK, *Circuit Judge*, and OETKEN, *District Judge*.[1]

PER CURIAM.

Damian Nastri petitions for review of a decision from the Merit Systems Protection Board (Board) dismissing his appeal for lack of jurisdiction. We *affirm*.

## BACKGROUND

Mr. Nastri was employed as an investigator in the Investigations of Senior Officials directorate of the Department of Defense, Office of Inspector General (the Agency). S. Appx. 61.[2] Mr. Nastri filed a whistleblower complaint with the Office of Special Counsel (OSC), alleging the Agency took personnel actions against him for making protected disclosures. S. Appx. 2; S. Appx. 15. OSC terminated his investigation, and Mr. Nastri filed a whistleblower individual right of action (IRA) appeal at the Board. S. Appx. 2; S. Appx. 15. The Board dismissed for lack of jurisdiction. S. Appx. 1–8. Mr. Nastri timely petitioned for review.[3] We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

---

[1] Honorable J. Paul Oetken, District Judge, United States District Court for the Southern District of New York, sitting by designation.

[2] "S. Appx." refers to the appendix attached to Respondent's brief.

[3] The Government argues Mr. Nastri's appeal should be dismissed as untimely because he filed his notice of appeal one day late. Government Br. 8–12. Mr. Nastri argues he timely filed his appeal. Nastri Reply Br. 6–7. We agree with Mr. Nastri, as the revised docket entry shows he timely filed his notice of appeal. ECF No. 1.

## DISCUSSION

Our review in an appeal from a Board decision is limited. Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction is a question of law we review de novo. *Bryant v. Merit Sys. Prot. Bd.*, 878 F.3d 1320, 1325 (Fed. Cir. 2017). We review the Board's fact findings underlying its jurisdictional analysis for substantial evidence. *Id.* "The Board has jurisdiction if an appellant has exhausted his remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), or (b)(9)(B)–(D), and (2) such disclosure was a contributing factor in an agency's decision to take or abstain from a personnel action." *Smolinski v. Merit Sys. Prot. Bd.*, 23 F.4th 1345, 1350 (Fed. Cir. 2022).

The Board concluded Mr. Nastri failed to establish jurisdiction. S. Appx. 1–8. Specifically, the Board determined Mr. Nastri failed to challenge the administrative judge's (AJ) ruling that Mr. Nastri did not establish by a preponderance of the evidence he exhausted his claims with OSC because he failed to identify whistleblowing disclosures and personnel actions brought to OSC's attention. S. Appx. 6. The Board also determined that even if Mr. Nastri had exhausted his claims, he failed to follow the AJ's instructions "to identify each disclosure by number, and indicate the date, substance, and recipients of each disclosure," thus failing to nonfrivolously allege any of his alleged disclosures were protected. S. Appx. 7. Mr. Nastri does not challenge these findings on appeal, which are supported by substantial evidence. S. Appx. 1–8. Instead, he states "exhaustion had not yet occurred because the Special Counsel had harassingly deprived his rights and illegally failed to ministerially perform." Nastri Br. 6

(emphasis omitted). He also claims he nonfrivolously alleged he made protected disclosures but points only to his IRA appeal brief, *id.* at 11 (citing S. Appx. 61–122), which the Board correctly determined contained "vague and conclusory allegations [that] . . . do not amount to a nonfrivolous allegation that he made a protected disclosure under section 2302(b)(8)." S. Appx. 7. Nowhere does he argue he disclosed the substance of his alleged protected disclosures to OSC. *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1328 (Fed. Cir. 2020) ("A party cannot establish jurisdiction through general assertions, but must provide substantive details."). We therefore affirm the Board's conclusion that Mr. Nastri failed to establish jurisdiction.

Mr. Nastri also challenges a host of the AJ's procedural rulings relating to denials of his requests for protective orders, stays, interlocutory review, disqualification of agency counsel, and dismissal without prejudice for at least one year. Nastri Br. 12–29. Mr. Nastri's conclusory arguments, however, do not overcome his jurisdictional failure. Nor do his arguments demonstrate the Board erred or that the error was harmful. *See Valles v. Dep't of State*, 17 F.4th 149, 152 (Fed. Cir. 2021) (applying harmless error rule).

## CONCLUSION

We have considered Mr. Nastri's remaining arguments and find them unpersuasive. Accordingly, we *affirm*.

## AFFIRMED

### COSTS

No costs.