**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID LANKFORD;
LEE ANN LANKFORD,

      Plaintiffs - Appellants,

v.

JUDITH WAGNER, Chapter 11 Trustee of
the bankruptcy estate of the Vaughan
Company Realtors; ARLAND &
ASSOCIATES, LLC; JAMES A. ASKEW;
EDWARD A. MAZEL; DANIEL WHITE,
of Askew & Mazel, LLC,

      Defendants - Appellees.

No. 16-2221

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:15-CV-01013-JCH-LF)**
_____

Submitted on the briefs:[*]

David Lankford and Lee Ann Lankford, Pro Se.

Briggs Cheney, Joshua A. Allison, Sheehan & Sheehan, P.A., Albuquerque,
New Mexico, for Judith Wagner, James A. Askew, Edward A. Mazel, and Daniel White,
Defendants-Appellees.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Terry R. Guebert, Elizabeth M. Piazza, Guebert Bruckner P.C., Albuquerque, New Mexico, for Arland & Associates, L.L.C., Defendant-Appellee.

—————————————————

Before **KELLY**, **MATHESON**, and **McHUGH**, Circuit Judges.

—————————————————

**McHUGH**, Circuit Judge.

—————————————————

David and Lee Ann Lankford filed this lawsuit against a bankruptcy trustee and her counsel without first applying for and receiving permission under *Barton v. Barbour*, 104 U.S. 126 (1881), and its progeny (the "*Barton* doctrine"). The district court concluded that *Barton* barred the suit and dismissed for lack of subject matter jurisdiction. We affirm.

## I.    Background

The Lankfords unwittingly invested in a Ponzi scheme operated by Vaughan Company Realtors (VCR), wherein investors paid money to VCR in return for interest-bearing promissory notes. After the Ponzi scheme collapsed, VCR filed for bankruptcy under Chapter 11 of the Bankruptcy Code. Unlike many others, the Lankfords actually profited from their investment. So the court-appointed trustee of VCR's bankruptcy estate, Judith Wagner, brought an adversary proceeding against them in the United States Bankruptcy Court for the District of New Mexico (the "adversary proceeding"). Through this and related "clawback" proceedings, the trustee sought to avoid, or undo, pre-bankruptcy fraudulent transfers and thus recoup fictitious profits from investors with net gains for the benefit of all of VCR's creditors.

2

The Lankfords agreed they owed some amount to the estate but disagreed vehemently with the trustee's calculations, alleging an overstatement of about $4,000. They went so far as to accuse the trustee of extortion, incompetence, and fraud, but the bankruptcy court twice denied formal requests under *Barton* to file counterclaims on these grounds. Ultimately, the bankruptcy court accepted the trustee's figure of $45,939.32 for the Lankfords jointly and $21,465.07 for Mr. Lankford individually—entering summary judgment in those amounts. The Lankfords then moved to vacate summary judgment under Federal Rule of Civil Procedure 60(b)(3) and (d)(3), repeating earlier allegations that the trustee engaged in fraud by deliberately miscalculating the amount owed. The bankruptcy court denied their motion.

The Lankfords appealed the order denying the motion to vacate, but not the preceding rulings (i.e., the summary judgment order itself or the two denials of requests to file counterclaims per *Barton*). The district court affirmed. The Lankfords believed the court system was engaged in a conspiracy against them, such that a further appeal would be fruitless; accordingly, they did not appeal the district court's decision in the adversary proceeding. Instead, the Lankfords filed the underlying lawsuit against the trustee and her counsel, accusing them of committing fraud and violating criminal statutes during the adversary proceeding. *See* Aplt. Opening Br. at 54. The magistrate judge concluded that the *Barton* doctrine precludes those claims and, in her Proposed Findings and Recommended Disposition (PFRD), recommended dismissal under Federal Rule of Civil Procedure 12(b)(1) for

3

lack of subject matter jurisdiction. The Lankfords objected to the PFRD, complaining generally of judicial bias, cronyism, corruption, and a conspiracy. The district court noted the lack of specific objections, adopted the PFRD, and dismissed the case.

Proceeding pro se, the Lankfords filed this appeal, raising ten issues relating to the applicability of the *Barton* doctrine, the propriety of the bankruptcy court's summary judgment ruling in the adversary proceeding, purported judicial misconduct, and alleged violations of criminal statutes.[1] Most are not properly before us. Having chosen not to appeal the summary judgment ruling in the adversary proceeding, the Lankfords cannot circumvent appellate procedural rules simply by filing a separate proceeding to collaterally attack that judgment. And the district court aptly explained why judicial misconduct and alleged criminal violations are not proper areas of inquiry for a civil lawsuit by a private citizen against the trustee and her counsel. This leaves only one question: Does the *Barton* doctrine preclude the Lankfords from filing this lawsuit against the bankruptcy trustee and her attorneys, given the Lankfords' failure to seek and receive permission from the bankruptcy court? It does.

---

[1] Absent from this extensive list is whether the district court properly struck the Lankfords' motion to file a second amended complaint. Still, the appellees identify and address this issue, presumably out of an abundance of caution. Even if the Lankfords had properly raised and briefed this issue in compliance with Federal Rule of Appellate Procedure 28, the outcome of this appeal would be the same under the *Barton* doctrine. Further, we discern no abuse of discretion in the district court's ruling given the futility of the proposed amendments. *See Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

4

## II. Analysis

Because the Lankfords are proceeding pro se, "we construe [their] pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We make some allowances for deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we "cannot take on the responsibility of serving as [their] attorney in constructing arguments and searching the record." *Id.*

The Supreme Court held in *Barton* that "before suit is brought against a receiver leave of the court by which he was appointed must be obtained." 104 U.S. at 128. In *Satterfield v. Malloy*, 700 F.3d 1231, 1234-35 (10th Cir. 2012), we followed the lead of our sibling circuits and extended the *Barton* doctrine beyond receivers to encompass trustees. We held that the doctrine "precludes suit against a bankruptcy trustee for claims based on alleged misconduct in the discharge of a trustee's official duties absent approval from the appointing bankruptcy court." *Id.* This is true even if the trustee allegedly acted "with improper motives." *Id.* at 1236. And although we have not previously addressed this issue, we now join our sibling circuits in holding that the protections of the *Barton* doctrine also extend to the trustee's counsel, where counsel acts under the direction of, or as the functional equivalent of, the trustee. *See, e.g.*, *McDaniel v. Blust*, 668 F.3d 153, 156-57 (4th Cir. 2012); *Lawrence v. Goldberg*, 573 F.3d 1265, 1269-70 (11th Cir. 2009);

5

*Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1241 (6th Cir.

1993). The Sixth Circuit's reasoning in *DeLorean* is especially persuasive:

> In authorizing the [t]rustee to bring the [adversary proceeding], the court authorized the [t]rustee's attorneys to aid the [t]rustee in bringing the suit. The protection that the leave requirement affords the [t]rustee and the estate would be meaningless if it could be avoided by simply suing the [t]rustee's attorneys. Therefore, leave of the Bankruptcy Court must be granted before a suit may be brought against counsel for trustee, in their capacity as counsel for trustee, since such suit is essentially a suit against the trustee.

991 F.2d at 1241.

Even so, the *Barton* doctrine is not without its limitations. Though we have

refused to recognize a general tort exception to the *Barton* doctrine, we have

acknowledged an "ultra vires exception" that allows suits by individuals whose

property is wrongfully seized. *See Satterfield*, 700 F.3d at 1235-36.

Against this backdrop, we conduct a de novo review of the district court's

decision. *See id.* at 1234. We affirm for substantially the same reasons set forth in

the PFRD and the district court's September 14, 2016, order adopting it. In essence,

the *Barton* doctrine applies here because (1) the actions underlying the claims were

related to the trustee's and counsel's duties and the administration of the bankruptcy

estate and (2) the Lankfords have not established an exception. Yet the Lankfords

filed suit without first receiving permission to file claims against the trustee or her

counsel. Indeed, the bankruptcy court twice denied their *Barton*-based request to file

counterclaims in the adversary proceeding—on February 14, 2014, and

November 26, 2014—and they did not even submit a request to file this lawsuit.

6

Consequently, the Lankfords failed to comply with the *Barton* doctrine, which is "jurisdictional in nature." *See id.* (citing *Barton*, 104 U.S. at 131).

### III. Conclusion

The purposes behind the *Barton* doctrine are well served by a Rule 12(b)(1) dismissal. *See id.* at 1236-37 (explaining that the doctrine prevents trusteeship from "becom[ing] a more irksome duty" and ensures that competent people are available for appointment; reduces the expenses of bankruptcy; "enables bankruptcy judges to monitor the work of the trustees more effectively"; and "ensure[s] other courts do not intervene in the bankruptcy court's administration of an estate without permission" (internal quotation marks omitted)). We affirm.

The Lankfords' motion to supplement the record on appeal is granted.