**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 22, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TYRONE LESLIE FARRIS,

　　Petitioner - Appellant,

v.

JIMMY MARTIN, Warden of North Fork
Corrections; JOE ALLBAUGH, Director
of the Department of Corrections,

　　Respondents - Appellees.

No. 21-6077
(D.C. No. 5:18-CV-00738-R)
(W.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **HARTZ**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

　　Tyrone Leslie Farris, an Oklahoma state inmate proceeding pro se, seeks a

certificate of appealability (COA) to contest the district court's denial of his motion under

Federal Rule of Civil Procedure 60(b) to set aside the dismissal of his application for

relief under 28 U.S.C. § 2241. We deny a COA, as no reasonable jurist could have

concluded that the district court abused its discretion in declining to reopen the judgment.

---

　　* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

Mr. Farris is serving a 99-year sentence for his 1985 conviction for rape. In this § 2241 proceeding Mr. Farris asserted that the Oklahoma Department of Corrections improperly denied him various sentencing credits. The United States District Court for the Western District of Oklahoma dismissed the § 2241 application as untimely. Although Mr. Farris filed a notice of appeal, we dismissed the appeal as untimely. *See Farris v. Martin*, No. 21-6037, 2021 WL 4467565, at *1 (10th Cir. May 28, 2021) (unpublished).

After the district court dismissed his application, Mr. Farris filed a "Motion for Reconsideration" invoking Federal Rule of Civil Procedure 60(b)(6), which allows for relief from a final judgment for "any other reason that justifies relief." The motion asserted that the denial of his § 2241 application was improper because the district judge and magistrate judge should have disqualified themselves for bias, and it re-argued the merits of his § 2241 application. The district court denied the motion and declined to grant a COA.

## II.    DISCUSSION

This court held in *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000), that the COA requirement of 28 U.S.C. § 2253(c)(1)(A) applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order," including in a proceeding under § 2241. With respect to a prisoner's challenge to a district court's denial of a Rule 60(b)(6) motion, the Supreme Court has accepted a formulation of the relevant COA standard as "whether a reasonable jurist could conclude that the District

2

Court abused its discretion in declining to reopen the judgment." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017).[1]

That standard has not been satisfied in this case. Because Mr. Farris's filings were submitted pro se, they are "entitled to a liberal construction," *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021), but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record," *Lankford v. Wagner*, 853 F.3d 1119, 1122 (10th Cir. 2017) (internal quotation marks omitted).

We first address Mr. Farris's bias claim.[2] The Rule 60(b) motion makes various allegations of favoritism, bias, and prejudice by both the district and magistrate judges.

---

[1] In a proceeding under 28 U.S.C. § 2254 or § 2255, an additional step is necessary before determining whether to consider a motion under Rule 60(b) or whether to grant a COA to review a ruling on such a motion. A district court lacks authority to grant relief on a second-or-successive petition under § 2254 or § 2255 unless permission is granted by a court of appeals, *see* 28 U.S.C. § 2244(b) (§ 2254 applications); *id.* § 2255(h) (§ 2255 motions). Because some matters raised in motions under Rule 60(b) in habeas proceedings may be properly viewed as second-or-successive petitions, such matters cannot be considered by a district court without prior approval by the court of appeals; that is, the district court can address only matters that are termed, in this context, "true" Rule 60(b) motions because they concern only "some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005); *see United States v. Nelson*, 465 F.3d 1145, 1147–49 (10th Cir. 2006) (applying *Gonzalez* in a § 2255 case). The prior-approval requirement for second-or-successive habeas petitions does not apply, however, in proceedings under § 2241. *See Stanko v. Davis*, 617 F.3d 1262, 1269 n.5 (10th Cir. 2010) ("[T]he requirement for prior circuit authorization . . . does not apply to habeas petitions brought under § 2241."); *see id.* at 1268–69 (explaining this conclusion). There are significant limitations on § 2241 applications under long-standing restrictions on successive habeas petitions and under the abuse-of-the-writ doctrine, *see id.* at 1269–70 & n.7; but the district court has authority to address them without prior approval from the court of appeals. Thus, we need not determine whether any part of Mr. Farris's motion is or is not a "true" Rule 60(b) motion.

[2] We recognize that at least two unpublished opinions of this court have stated that a COA is not required to seek review in this court of an order denying recusal in a habeas

But the sole support for the bias claims is that the judges issued various adverse rulings. It is well-settled law that "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *United States v. Wells*, 873 F.3d 1241, 1252 (10th Cir. 2017) (internal quotation marks omitted); *see Willner v. Univ. of Kansas*, 848 F.2d 1023, 1028 (10th Cir. 1988) ("[A] motion to recuse cannot be based solely on adverse rulings."). No reasonable jurist could conclude that the district court abused its discretion in declining to reopen the judgment on this ground.

The remainder of Mr. Farris's Rule 60(b) motion does nothing more than reargue the merits of his original § 2241 application. But the district court has no obligation to repeat what it has already ruled on the same issues. *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). The district court did not abuse its discretion in declining to reopen the judgment on this ground. No reasonable jurist would hold otherwise.

---

case. *See Vreeland v. Zupan*, 801 F. App'x 629, 632 (10th Cir. 2020) (citing *Harbison v. Bell*, 556 U.S. 180, 183 (2009)); *United States v. McIntosh*, 723 F. App'x 613, 616 (10th Cir. 2018) (citing *Harbison*). But the procedural posture of those cases was unlike the posture here. In both of those cases the prisoner was appealing the denial of the motion to recuse, seeking to require the accused judges to no longer participate in the case. That is not the relief sought by Mr. Farris. His motion seeks to set aside the denial of his § 2241 application. It therefore comes squarely within the requirement of § 2253(c)(1)(A) that a COA be obtained before appealing from a "final order in a habeas corpus proceeding."

### III.    CONCLUSION

We **DENY** Mr. Farris's application for a COA, **DENY** his motion to proceed in forma pauperis, and **DISMISS** this matter.

Entered for the Court


Harris L Hartz
Circuit Judge