**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 21, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

LEONARD ENGLISH, JR.,

      Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD; SMALL BUSINESS
ADMINISTRATION,

      Respondents.

_____

LEONARD ENGLISH, JR.,

      Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD; SMALL BUSINESS
ADMINISTRATION,

      Respondents.

_____

LEONARD ENGLISH, JR.,

      Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD; SMALL BUSINESS
ADMINISTRATION,

No. 23-9526
(MSPB No. DE-1221-16-0484-W-1)
(Merits Systems Protection Board)

No. 23-9527
(MSPB Nos. DE-1221-16-0135-W-1
& DE-1221-16-0136-W-1)
(Merits Systems Protection Board)

No. 23-9528
(MSPB No. DE-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-I-1)
(Merits Systems Protection Board)

Respondents.

_____

## ORDER AND JUDGMENT[*]

_____

Before **PHILLIPS**, **KELLY**, and **McHUGH**, Circuit Judges.

_____

Leonard English, Jr., proceeding pro se, petitions for review of final orders by the Merit Systems Protection Board (MSPB or Board) in two individual right of action (IRA) appeals and an adverse action appeal.  The MSPB rejected Mr. English's claims and defenses that his former employer, the Small Business Administration (SBA), unlawfully retaliated against him by taking personnel actions because he engaged in protected whistleblowing activities.  Exercising jurisdiction under 5 U.S.C. § 7703(b)(1)(B), we affirm.[1]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The SBA argues that it is the sole proper respondent.  The MSPB concurs, declining to file briefs in each matter.  We agree that the MSPB is not a proper respondent because Mr. English's petitions challenge the MSPB's merits decisions.  *See* 5 U.S.C. § 7703(a)(2); *Johnen v. U.S. MSPB*, 882 F.3d 1171, 1174 (9th Cir. 2018).  We therefore dismiss the petitions for review as to the MSPB.

Notwithstanding its position that it is not a proper respondent, the MSPB moves to transfer No. 23-9528 to the district court because Mr. English presented a "mixed case" by raising defenses of discrimination based on race, color, sex, age, and retaliation for prior equal employment opportunity activity in addition to

## BACKGROUND

Starting in 2007, the SBA employed Mr. English as a Surety Bond Guarantee Specialist in Denver, Colorado.  By the time the events underlying these matters began, in 2014, Mr. English's first-line supervisor was Jennifer Vigil, Supervisor Surety Bond Guarantee Specialist (located in Denver), and his second-line supervisor was Peter Gibbs, Acting Director for Surety Bond Guarantees (located in Washington, D.C.).  Mr. English was a member of a bargaining unit and his employment was covered by a labor agreement.

On April 18, 2014, Mr. English wrote an e-mail to Ms. Vigil expressing concerns about the time and attendance of a coworker.  Mr. English alleges that this complaint led to a more-than-two-year campaign of harassment and retaliation against him by Ms. Vigil and Mr. Gibbs, culminating with his removal from federal employment in September 2016.  We described many of the underlying events in a discrimination action challenging Mr. English's removal.  *See English v. Small Bus. Admin.*, 842 F. App'x 193, 195-96 (10th Cir. 2021).  In short, between 2014 and 2016 the SBA took several actions against Mr. English, and he pursued numerous internal and external avenues of complaint, including e-mails to SBA personnel, filings with the Office of the Inspector General (OIG) and Office of Special Counsel (OSC),

---

whistleblowing.  *See Baca v. Dep't of the Army*, 983 F.3d 1131, 1137 (10th Cir. 2020) (recognizing that a "mixed case" must be appealed to the district court).  But in his response to the motion and in his opening brief, Mr. English explicitly waived his discrimination allegations.  We therefore have jurisdiction to review No. 23-9528, *see Baca*, 983 F.3d at 1138, and we deny the motion to transfer.

letters to members of Congress, multiple MSPB appeals, and equal employment opportunity (EEO) charges.

As relevant here, Mr. English sought corrective action for various disciplinary decisions in two IRA appeals, and he challenged another disciplinary decision in a Chapter 75 appeal of an adverse action.[2]  The administrative judge (AJ) held a hearing in one of the IRA appeals (No. 23-9527) and decided the other two appeals on the briefs.  His initial decisions addressed Mr. English's claims and defenses that the SBA had retaliated against him for undertaking protected whistleblowing activities.  The AJ found that certain of Mr. English's actions were protected activities, but in each instance, the SBA had shown by clear and convincing evidence that it would have taken the same actions even in the absence of the protected activities.  The AJ thus denied Mr. English's requests for corrective action in the IRA appeals and affirmed the SBA's decision in the adverse action appeal.  The Board denied Mr. English's petitions for review in all three cases.  Mr. English now seeks review by this court.

## STANDARDS OF REVIEW

"A MSPB decision must be upheld unless the reviewing court determines that it is:  '(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

---

[2] "Chapter 75 of the [Civil Service Reform] Act governs adverse action taken against employees for the efficiency of the service . . . based on misconduct." *United States v. Fausto*, 484 U.S. 439, 446 (1988) (internal quotation marks omitted), *superseded by statute on other grounds as discussed in Kaplan v. Conyers*, 733 F.3d 1148, 1160-61 (Fed. Cir. 2013).

4

with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.'" *Williams v. Rice*, 983 F.2d 177, 180 (10th Cir. 1993) (quoting 5 U.S.C. § 7703(c)).  "The reviewing court may not substitute its judgment for that of the MSPB." *Id.* (internal quotation marks omitted).  "Under the arbitrary and capricious standard the MSPB's decision needs only to have a rational basis in law." *Id.* (internal quotation marks omitted). Under the substantial-evidence standard, "we will only reverse if the agency's factual determinations are not supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Baca v. Dep't of the Army*, 983 F.3d 1131, 1140 (10th Cir. 2020) (internal quotation marks omitted).  We defer to the fact finder's credibility determinations "because he or she is uniquely able to observe the demeanor of the claimant in a direct and unmediated fashion." *Id.* (ellipsis and internal quotation marks omitted).

Because Mr. English proceeds pro se, we construe his filings liberally. *See Lankford v. Wagner*, 853 F.3d 1119, 1121 (10th Cir. 2017).  "We make some allowances for deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories." *Id.*  "But we cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Id.* at 1122 (internal quotation marks omitted).

5

## DISCUSSION

### I.     Scope of Proceedings and Burdens of Proof

#### A.     Nos. 23-9526 and 23-9527

Nos. 23-9526 and 23-9527 are Mr. English's IRA appeals alleging the SBA

retaliated against him for protected whistleblowing activities.  No. 23-9526 addresses

(1) Mr. English's performance rating of 2 for fiscal year 2015; (2) an assessment that

he was absent without leave (AWOL) from April 22 through May 17, 2016; and

(3) Ms. Vigil's failure to include him in a line-of-succession designation[3] on

March 11, 2016.[4]  No. 23-9527 addresses (1) letters of reprimand issued by

Mr. Gibbs on May 18, 2015, and by Linda Rusche, Director of Credit Risk

Management, on July 20, 2015; and (2) line-of-succession decisions issued by

Ms. Vigil on April 22, 2014, January 2, 2015, March 4, 2015, and September 29,

2015.

---

[3] A line-of-succession designation named the employees who were authorized
to act for Ms. Vigil when she was out of the office.

[4] Mr. English's opening brief requests that we consider a fourth alleged action
in No. 23-9526.  We decline this request because exhaustion of administrative
remedies is a jurisdictional requirement.  *See Acha v. Dep't of Agric.*, 841 F.3d 878,
883 & n.3 (10th Cir. 2016).  Although Mr. English asserts that he identified this issue
in his letter to the OSC, we cannot conclude that he raised the issue "in a way that
would allow the OSC to sufficiently pursue an investigation," *id.* at 884, separately
from the AWOL assessment.  Moreover, Mr. English has not shown that he presented
the alleged action to the MSPB or that it reviewed the action.  This omission alone
would cause us to decline review.  *See Micheli v. Dir., Off. of Workers' Comp.
Programs, U.S. Dep't of Lab.*, 846 F.2d 632, 635 (10th Cir. 1988) ("[I]n the absence
of exceptional circumstances, a reviewing court will refuse to consider contentions
not presented before the administrative proceeding at the appropriate time." (internal
quotation marks omitted)).

In these IRA appeals, Mr. English had the burden to prove by a preponderance of the evidence that (1) he engaged in a disclosure or activity protected under 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D); and (2) such disclosure or activity was a contributing factor in the personnel action(s) taken against him. *See* 5 U.S.C. § 1221(e)(1).  Once Mr. English met his burden, the MSPB was required to order corrective action unless the SBA demonstrated by clear and convincing evidence that it would have taken the same action in the absence of the protected disclosure or activity.  *See id.* § 1221(e)(2).

### B.    No. 23-9528

No. 23-9528 is Mr. English's Chapter 75 appeal of a 30-calendar-day suspension Ms. Vigil proposed in December 2015 and Mr. Gibbs authorized in May 2016.

Under Chapter 75, the SBA can impose an adverse action "only for such cause as will promote the efficiency of the service."  5 U.S.C. § 7513(a).  It was the SBA's burden to prove its action met this standard by a preponderance of the evidence. *See id.* § 7701(c)(1)(B); 5 C.F.R. § 1201.56(b)(1)(ii).  The SBA had to (1) "prove that the charged conduct occurred"; (2) "establish a nexus between that conduct and the efficiency of the service"; and (3) "demonstrate that the penalty imposed was reasonable in light of the relevant factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981)." *Cerwonka v. Dep't of Veterans*

*Affs.*, 915 F.3d 1351, 1356 (Fed. Cir. 2019);[5] *see also Brenner v. Dep't of Veterans Affs.*, 990 F.3d 1313, 1316 (Fed. Cir. 2021) ("Th[e] 'nexus' limitation [in § 7513(a)] requires the agency to show by a preponderance of the evidence that the employee's misconduct is likely to have an adverse effect upon the agency's functioning." (internal quotation marks omitted)).

It was Mr. English's burden to prove his affirmative defenses in the adverse action appeal by a preponderance of the evidence. *See* 5 C.F.R. § 1201.56(b)(2)(i)(C). As relevant here, Mr. English introduced defenses of reprisal for prior Board appeals and whistleblowing disclosures. In addressing these affirmative defenses, the AJ first considered whether Mr. English established a prima facie case by a preponderance of the evidence, and then considered whether the SBA showed by clear and convincing evidence it would have taken the same actions absent whistleblowing activity.

## II.    Analysis

### A.    Line-of-Succession Decisions as "Personnel Actions"

In Nos. 23-9526 and 23-9527, the SBA argues the line-of-succession designations did not rise to the level of a "personnel action" actionable under 5 U.S.C. § 1221 and urges us to dismiss those parts of the petitions for lack of jurisdiction. We deny the request.

---

[5] Because until 2012 only the Federal Circuit reviewed MSPB decisions in non-mixed cases, the MSPB historically relied on that circuit's precedent. We also have relied on the Federal Circuit's opinions as we develop a body of MSPB caselaw. *See Acha*, 841 F.3d at 880 n.2.

"Under the [Whistleblowing Protection Act (WPA)], . . . a very broad class of personnel actions falls within the board's jurisdiction." *Johnston v. MSPB*, 518 F.3d 905, 912 (Fed. Cir. 2008). "[P]ersonnel action" includes not only such actions as appointments, promotions, details, and transfers, but also "any other significant change in duties, responsibilities, or working conditions," 5 U.S.C. § 2302(a)(2)(A)(xii) (internal quotation marks omitted).

Here, the record indicates that employees named in Ms. Vigil's line of succession assumed temporary authority to act in her absence in pending matters. The designee had the ability to approve applications, and Ms. Vigil testified that she had "a six-and-a-half million dollar signing authority so it is a huge deal that things are done correctly," No. 23-9527, Tr. Mar. 30, 2016, Hrg. at 176. It appears that the line-of-succession responsibilities were recurring and regular, as she testified that she had an alternate work schedule day off every other week. *See id.* In addition, Ms. Vigil viewed removing someone from her line of succession as a punishment. *See id.* at 197. On this record, designating an employee in the line of succession appears to affect working conditions and thus is a personnel action under § 2302(a)(2)(A)(xii). *See Mahoney v. Donovan*, 721 F.3d 633, 636 (D.C. Cir. 2013) (holding the selective assignment of cases to AJs is a "personnel action" because it affected working conditions); *Johnston*, 518 F.3d at 912 ("[C]hanges in work duties . . . are personnel actions that are within the Board's jurisdiction if they resulted from disclosures protected by the WPA.").

9

B.    **Mr. English's Disclosures and Activities**

Mr. English identified numerous disclosures and activities in setting forth his prima facie case (in the IRA appeals) and his defenses (in the adverse action appeal). After carefully considering those disclosures and activities, the AJ decided that some established a prima facie case of whistleblower retaliation, while others did not constitute a protected disclosure and/or were not a contributing factor to the relevant actions. The Board upheld the AJ's determinations.

Mr. English asserts that each disclosure and activity was protected. In most instances, however, he fails to address the contributing-factor determinations with any specificity. Several of his assertions are admittedly assumptions. He broadly states that the timeline of events satisfies the knowledge-timing test, *see* 5 U.S.C. § 1221(e)(1), but by the statute's plain terms the knowledge-timing test requires evidence of knowledge, *see id.* § 1221(e)(1)(A). Mr. English demonstrates the agency may have overlooked evidence of knowledge as to only one disclosure (identified as disclosure (g) in No. 23-9526). But to the extent that the agency may have erred in considering that disclosure, Mr. English has not shown any error was harmful. *See Valles v. Dep't of State*, 17 F.4th 149, 152 (Fed. Cir. 2021) (holding it is petitioner's burden to show an error was harmful). At most, Mr. English shows that Ms. Vigil knew disclosure (g) existed, and as the agency held with regard to other disclosures, knowledge of the existence of a communication does not establish knowledge of any protected disclosure(s) therein.

10

Having reviewed each disclosure and activity the AJ discussed in the three appeals, we cannot conclude that the agency's evaluations were arbitrary, capricious, an abuse of discretion, not in accordance with law, obtained by improper procedures, or unsupported by substantial evidence. We therefore affirm the agency's consideration of the disclosures and activities for substantially the reasons stated in its orders, except we affirm regarding disclosure (g) for failure to show harmful error.

Mr. English's opening briefs also list other allegedly protected disclosures and activities that he asserts the agency should have considered but did not. He does not show, however, that he exhausted any disclosures or activities other than those discussed in the AJ's initial orders. Exhaustion of administrative remedies is a jurisdictional requirement, at least for the IRA appeals. *See Acha v. Dep't of Agric.*, 841 F.3d 878, 883 & n.3 (10th Cir. 2016). Nor has he shown that he properly presented the additional disclosures or activities for consideration by the MSPB.[6] *See Micheli v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 846 F.2d 632, 635 (10th Cir. 1988) ("[I]n the absence of exceptional circumstances, a reviewing court will refuse to consider contentions not presented before the

---

[6] For example, the AJ issued orders listing the disclosures and activities he accepted for consideration. It appears that he compiled these lists from careful review of Mr. English's filings. Mr. English asserts that he presented other disclosures and activities to the MSPB, but his citations to the records do not reveal any objections to the disclosures and activities the AJ accepted for consideration or formal requests for the AJ to add the disclosures and activities he now complains the MSPB failed to consider. Notably, when Mr. English did request to add affirmative defenses in No. 23-9528, the AJ granted the request. *See* No. 23-9528, R. Vol. 7 at 146, 299.

administrative proceeding at the appropriate time." (internal quotation marks

omitted)).  Further, some of the other activities were EEO proceedings.  Regarding

those activities, (1) EEO proceedings do not fall within the limits of an IRA appeal,

*see Young v. MSPB*, 961 F.3d 1323, 1329 (Fed. Cir. 2020) (collecting cases), and

(2) in No. 23-9528, Mr. English explicitly waived his discrimination allegations in

response to the MSPB's motion to transfer to the district court.

C.     **SBA's Showing It Would Have Taken the Same Actions**

 In considering whether the SBA showed by clear and convincing evidence

that it would have taken the same actions in the absence of whistleblowing, the

agency analyzed the factors set forth in *Carr v. Social Security Administration*,

185 F.3d 1318 (Fed. Cir. 1999) (the *Carr* factors).  In *Carr*, the Federal Circuit held

that three factors were relevant to this evaluation:

> [1] the strength of the agency's evidence in support of its personnel action;
> [2] the existence and strength of any motive to retaliate on the part of the
> agency officials who were involved in the decision; and [3] any evidence
> that the agency takes similar actions against employees who are not
> whistleblowers but who are otherwise similarly situated.

*Id.* at 1323.

For the first factor, the agency found the evidence supporting the personnel

actions was "strong," No. 23-9526, R. Vol. 4 at 444; "quite strong," No. 23-9527,

R. Vol. 4 at 500 & No. 23-9528, R. Vol. 7 at 455; and even "compelling,"

No. 23-9526, R. Vol. 4 at 444 (internal quotation marks omitted).  For the second

factor, it concluded that, at most, the decisionmakers had a "moderate" motive to

retaliate.  No. 23-9527, R. Vol. 4 at 500 (stating that "any motive to retaliate was

slight or moderate"); No. 23-9528, R. Vol. 7 at 455 (stating that "any motive to retaliate was slight at best for one of the protected disclosures and moderate for the other disclosure" (footnote omitted)); *see also* No. 23-9526, R. Vol. 4 at 450 (assessing a "modest motive to retaliate").  Finally, it concluded that the third factor was neutral because the SBA did not present any evidence of actions taken against similarly situated employees.  The Board deferred to the AJ's findings that Ms. Vigil, Mr. Gibbs, and Ms. Rusche were more credible than Mr. English.

Mr. English asserts that all three factors should weigh in his favor.  He states that he had a clean personnel file and he did not violate any laws, policies, or procedures.  At their core, however, his arguments regarding the first and second *Carr* factors simply express his disagreement with the agency's conclusions, based on his own perceptions.  And his attacks on the credibility of Ms. Vigil, Mr. Gibbs, and Ms. Rusche are unavailing because we must defer to the fact finder's credibility determinations.  *See Baca*, 983 F.3d at 1140.  In short, Mr. English has not shown that the agency's evaluations of the first or second *Carr* factors were arbitrary, capricious, an abuse of its discretion, not in accordance with law, or not in accordance with proper procedure.  Further, the voluminous records from these appeals contain substantial evidence supporting the personnel actions.  We therefore affirm the agency's assessment of these factors for substantially the reasons stated in its orders.

Regarding the third *Carr* factor, Mr. English argues it should weigh in his favor because "the absence of any evidence concerning Carr factor three may well

13

cause the agency to fail to prove its case overall." No. 23-9526, Pet'r's Opening Br. at 64 (underlining and internal quotation marks omitted); *see also* No. 23-9527, Pet'r's Opening Br. at 59; No. 23-9528, Pet'r's Opening Br. at 65. But "the absence of any evidence relating to *Carr* factor three can effectively remove that factor from the analysis." *Whitmore v. Dep't of Lab.*, 680 F.3d 1353, 1374 (Fed. Cir. 2012). Whether an absence of evidence means the third factor weighs neutrally or against the agency thus depends on the circumstances. *See id.* at 1374-75. The MSPB did not act arbitrarily, capriciously, in abuse of its discretion, or otherwise not in accordance with law by weighing the factor neutrally in these appeals. *See McIntosh v. Dep't of Def.*, 53 F.4th 630, 646 (Fed. Cir. 2022) ("Because no pertinent evidence was presented on *Carr* factor three, it is effectively removed from the analysis."); *Rickel v. Dep't of the Navy*, 31 F.4th 1358, 1366 (Fed. Cir. 2022) ("Because the agency need not prove every factor weighs in its favor, the absence of evidence related to *Carr* factor three is not fatal to the agency.").

In all the appeals, the Board held that the AJ did not err in deciding that the decisionmakers' motives to retaliate were outweighed by the strength of the evidence for *Carr* factor one and the lack of evidence for *Carr* factor three, and therefore the SBA proved by clear and convincing evidence that it would have taken the same actions absent whistleblowing. Mr. English has failed to show these decisions were arbitrary, capricious, in abuse of discretion, not in accordance with law, obtained by improper procedures, or unsupported by substantial evidence. We affirm for substantially the reasons stated in the agency's orders.

14

**D.    Waived Issues**

In his opening brief in No. 23-9528, Mr. English asserts the penalty was unreasonable, but he does not develop a challenge to the agency's evaluation of the *Douglas* factors.  He therefore has waived consideration of this portion of the agency decision.  *See Burke v. Regalado*, 935 F.3d 960, 1014 (10th Cir. 2019) ("Issues not raised in the opening brief are deemed abandoned or waived.  Relatedly, an appellant may waive an issue by inadequately briefing it." (citation and internal quotation marks omitted)); *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1133 n.4 (10th Cir. 2004) ("Scattered statements in the appellant's brief are not enough to preserve an issue for appeal.").  For the same reasons, Mr. English has waived any remaining issues that he intended to bring before this court in any of the three matters.

## CONCLUSION

We dismiss the petitions for review as to the MSPB, affirm the decisions of the MSPB, grant Mr. English's motions to proceed without prepayment of costs and fees in all three matters, and deny the MSPB's motion to transfer No. 23-9528 to the district court.

Entered for the Court

Carolyn B. McHugh
Circuit Judge