FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**May 8, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

| | |
|---|---|
| BERNARD KENNETH RIVERS, JR.,<br><br>    Plaintiff - Appellant<br><br>v.<br><br>STATE OF COLORADO; RACHEL ERICKSON, in her official and individual capacity; MARCI HOFFMAN, in her official and individual capacity; PHILLIP WEISER, in his official and individual capacity; MATTHEW HAGERTY, in his official and individual capacity; DAVID BELSHIEM, in his official and individual capacity; GILBERT M. ROMAN; in his official and individual capacity; ELIZABETH PHILLIPS,<br><br>    Defendant - Appellees. | No. 23-1279<br>(D.C. No. 22-CV-02922-WJM-STV)<br>(D. Colo.) |

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

This case arises from the interplay between litigation in state and federal courts. Mr. Bernard Kenneth Rivers, Jr. sued in state court. When that litigation failed, Mr. Rivers sued in federal court based on constitutional violations in the state-court proceedings. The federal district court dismissed the suit for lack of subject-matter jurisdiction. Mr. Rivers appeals, and we affirm the dismissal.

1. **Mr. Rivers sues in federal court for constitutional violations arising out of a state-court proceeding.**

In state court, Mr. Rivers sued his prior attorney, five judges, a county district attorney, and the State of Colorado. In that suit, Mr. Rivers claimed fraud, fabrication of evidence, conspiracy to commit fraud, and ineffective assistance of counsel.

The state court concluded that Mr. Rivers had served all the defendants except his prior attorney and dismissed the claims against the five judges, the county district attorney, and the State of Colorado. Mr. Rivers appealed the dismissals, and the Colorado Court of Appeals affirmed.

Mr. Rivers then sued again, this time in federal court. In this suit, Mr. Rivers reasserted claims against the State of Colorado but added claims against a court clerk, a court executive, the state attorney general, an assistant attorney general, a state appellate judge, and two attorneys. The federal district court dismissed the suit based on a lack of subject-

matter jurisdiction, relying on a principle known as the *Rooker-Feldman doctrine*.

**2.    The Rooker-Feldman doctrine prevents federal jurisdiction over the correctness of state-court decisions.**

This doctrine prevents federal jurisdiction over the correctness of a state-court judgment. In re *Miller*, 666 F.3d 1255, 1261 (10th Cir. 2012). And the district court must ensure its own jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). So the district court sua sponte ordered supplemental briefs on the applicability of the Rooker-Feldman doctrine.

**3.    Mr. Rivers hasn't shown an error in the district court's ruling.**

The threshold issue is what Mr. Rivers is arguing. He questions the applicability of the Rooker-Feldman doctrine, but doesn't say what is wrong with the district court's reasoning. In his opening appeal brief, he says only: "Here, the District Court has misapplied federal laws (F.R.C.P. 5(b)(1) and Supremacy Clause) and misapplied the Rooker[-]Feldman doctrine to make a VOID judgment valid." Appellant's Opening Br. at 6 (all caps in original). But Mr. Rivers doesn't say *how* the district court erred.

We recognize that Mr. Rivers is pro se. But we apply the same procedural requirements to litigants irrespective of whether they are pro se or represented. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836,

840 (10th Cir. 2005). And we require all appellants, pro se or represented, "to explain what was wrong with the reasoning that the district court relied on in reaching its decision." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). It's not enough to say that the district court has erred without telling us what the error was. *United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011).

We do liberally interpret Mr. Rivers's appeal briefs in light of his pro se status. *See McKinney v. Okla., Dep't of Human Servs., Shawnee*, 925 F.2d 363, 365 (10th Cir. 1991). But we can't fill in the gaps by making arguments for him that aren't there. *Lankford v. Wagner*, 853 F.3d 1119, 1122 (10th Cir. 2017).

Liberally construing the opening appeal brief, we note that Mr. Rivers says that

- the state-court judgment wasn't final and

- the federal district court fabricated evidence (including an affidavit) to suggest that the state-court judgment had been final.

But Mr. Rivers doesn't say why he thinks that he validly served his prior attorney. In his motion to take judicial notice, he argues that

- the state court fabricated the date of its order,

- the court ignored fabrications in other documents, and

- the courts and a state-court employee relied on or fabricated an attorney's contact information.

4

But Mr. Rivers doesn't explain what the courts or the employee did to fabricate their records or how the records had misstated the proceedings.

Mr. Rivers also suggests that the district court displayed bias by raising the issue of the Rooker-Feldman doctrine. But the district court had to sua sponte consider potential jurisdictional defects like the Rooker-Feldman doctrine. *See* Part 2, above.

**4.    Mr. Rivers's reliance on the merits is misguided.**

Mr. Rivers also defends the merits of his underlying claims. But the district court could consider the merits of those claims only if subject-matter jurisdiction existed. And the Rooker-Feldman doctrine stripped the district court of jurisdiction. So we couldn't reverse the dismissal even if the underlying claims were meritorious.

**5.    We agree to take judicial notice of the requested documents.**

Mr. Rivers requests judicial notice of sixteen documents:

1.    Mr. Rivers's district court complaint, including the total damages sought,

2.    Mr. Rivers's second motion for relief before the district court,

3.    Mr. Rivers's second motion for default judgment,

4.    Mr. Rivers's motion for relief under 18 U.S.C. § 1964,

5.    defendants Matthew Hegarty and David Belsheim's response to Mr. Rivers's motion to challenge jurisdiction,

6.    Mr. Rivers's motion for clarification,

7.    the table of contents for volume 1 of the Record,

5

8.    Mr. Rivers's reply to the state defendant's response,

9.    Mr. Rivers's objection to the district court's minute order,

10.    Mr. Rivers's supplemental briefing for his objection,

11.    Mr. Rivers's correction to his supplemental briefing,

12.    Mr. Hegarty and Mr. Belsheim's supplemental briefing on the applicability of the Rooker-Feldman doctrine,

13.    Mr. Hegarty and Mr. Belsheim's objections to the magistrate judge's recommendations,

14.    Mr. Rivers's response to Mr. Hegarty and Mr. Belsheim's objections,

15.    the district court's order granting the motion to compel, and

16.    the collection of exhibits attached to Mr. Rivers's motion to take judicial notice.[1]

We grant the request and judicially notice these documents.

* * *

Because Mr. Rivers did not present a valid reason to question the applicability of the Rooker-Feldman doctrine, we affirm the dismissal. But we grant Mr. Rivers's request to take judicial notice of sixteen documents.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1]    Mr. Rivers also seeks judicial notice of the Record, volume 2, at Numbers 107–20 and 138–55. But these documents don't appear in the district court record.